PHILLIP A. TALBERT
United States Attorney
GRANT B. RABENN
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>    v.<br><br>DAVID RYAN BURCHARD,<br><br>           Defendant. | CASE NO. 1:16-CR-00051-LJO-SKO<br><br>PLEA AGREEMENT<br><br>DATE: To be determined<br>TIME: To be determined<br>COURT: Hon. Lawrence J. O'Neill |

## I.    **INTRODUCTION**

**A.**    **Scope of Agreement**

The indictment in this case charges the defendant with a violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(C) – Conspiracy to Distribute and Possesses with Intent to Distribute a Controlled Substance; 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) – Distribution of a Controlled Substance (3 counts); 18 U.S.C. § 1956 – Money Laundering (11 counts); 18 U.S.C. § 1957 – Money Laundering; and 31 U.S.C. § 5324(b)(1) & (d)(2) – Causing or Attempting to Cause a Non-Financial Trade or Business to Fail to File a Form 8300 (3 counts), along with criminal forfeiture allegations. This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

1

**B.    Court Not a Party**

The Court is not a party to this plea agreement.  Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities that may not have been charged in the indictment.  The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement.  The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II.    DEFENDANT'S OBLIGATIONS

**A.    Guilty Plea**

The defendant will plead guilty to Count 1 (Conspiracy to Distribute and to Possess with Intent to Distribute a Controlled Substance in violation of Title 21, United States Code, Sections 846 and 841(a)(1) & (b)(1)(C)).  The defendant agrees that he is in fact guilty of this charge and that the facts set forth in the Factual Basis For Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case.  The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement.  The defendant waives any rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

The defendant acknowledges that the crime to which he is pleading guilty is listed in 18 U.S.C.

1 § 3143(a)(2), and agrees that he will be remanded into custody upon the entry of his plea.

2      **B.**   **Special Assessment**

3      The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering
4 a check or money order payable to the United States District Court to the United States Probation Office
5 immediately before the sentencing hearing. The defendant understands that this plea agreement is
6 voidable at the option of the government if he fails to pay the assessment prior to that hearing. If the
7 defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money
8 to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

9      **C.**   **Defendant's Violation of Plea Agreement or Withdrawal of Plea**

10      If the defendant, violates this plea agreement in any way, withdraws his plea, or tries to withdraw
11 his plea, this plea agreement is voidable at the option of the government. The government will no longer
12 be bound by its representations to the defendant concerning the limits on criminal prosecution and
13 sentencing as set forth herein. One way a defendant violates the plea agreement is to commit any crime
14 or provide any statement or testimony which proves to be knowingly false, misleading, or materially
15 incomplete. Any post-plea conduct by a defendant constituting obstruction of justice will also be a
16 violation of the agreement. The determination whether the defendant has violated the plea agreement
17 shall be decided under a probable cause standard.

18      If the defendant violates the plea agreement, withdraws his plea, or tries to withdraw his plea, the
19 government shall have the right: (1) to prosecute the defendant on any of the counts to which he pleaded
20 guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file
21 any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter
22 be subject to prosecution for any federal criminal violation of which the government has knowledge,
23 including perjury, false statements, and obstruction of justice. The decision to pursue any or all of these
24 options is solely in the discretion of the United States Attorney's Office.

25      By signing this plea agreement, the defendant agrees to waive any objections, motions, and
26 defenses that the defendant might have to the government's decision to exercise the options stated in the
27 previous paragraph. Any prosecutions that are not time-barred by the applicable statute of limitations as
28 of the date of this plea agreement may be commenced in accordance with this paragraph,

PLEA AGREEMENT       3

1  notwithstanding the expiration of the statute of limitations between the signing of this plea agreement

2  and the commencement of any such prosecutions.  The defendant agrees not to raise any objections

3  based on the passage of time with respect to such counts including, but not limited to, any statutes of

4  limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth

5  Amendment to any counts that were not time-barred as of the date of this plea agreement.

6      In addition: (1) all statements made by the defendant to the government or other designated law

7  enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal,

8  whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or

9  administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no

10  claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal

11  Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by

12  the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed.

13  By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

14  **D.      Forfeiture**

15      The defendant agrees to forfeit to the United States voluntarily and immediately all of his right

16  title and interest to any and all assets subject to forfeiture pursuant to 21 U.S.C. § 853(a) and 18 U.S.C. §

17  982(a)(1).  Those assets include, but are not limited to, the following:

18          a.      2009 Mercedes S63, VIN Number WDDNG77X59A246729, California License

19                  number 7CIR676;

20          b.      2010 Jaguar XJ, VIN Number SAJWA1CB3ALV00102, California License

21                  number 7EAV409; and

22          c.      2007 Chevrolet Tahoe, VIN Number 1GNFC13027J406800, California License

23                  number 6BOK924.

24      The defendant agrees that the listed assets are proceeds of and involved in the offenses to which

25  he is pleading guilty and are subject to forfeiture pursuant to 21 U.S.C. § 853(a) and 18 U.S.C. §

26  982(a)(1).

27      The defendant agrees to fully assist the government in the forfeiture of the listed assets and to

28  take whatever steps are necessary to pass clear title to the United States.  The defendant shall not sell,

PLEA AGREEMENT                                4

1  transfer, convey, or otherwise dispose of any of his assets, including but not limited to, the above-listed
2  assets.

3       The defendant also voluntarily stipulates and agrees that as part of his sentence the Court may,
4  pursuant to Fed. R. Crim. P. 32.2(b), order a forfeiture money judgment in an amount up to
5  $1,430,000.00, less any forfeited funds.

6       The defendant agrees not to file a claim to any of the listed property in any civil proceeding,
7  administrative or judicial, which may be initiated.  The defendant agrees to waive his right to notice of
8  any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a
9  claim in that forfeiture proceeding.

10      The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of
11  assets.  The defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses
12  to the forfeiture of these assets in any proceeding.  The defendant agrees to waive any jeopardy defense,
13  and agrees to waive any claim or defense under the Eighth Amendment to the United States
14  Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States,
15  the State of California or its subdivisions.

16      The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any
17  defenses or defects that may pertain to the forfeiture.

18              **III.    THE GOVERNMENT'S OBLIGATIONS**

19      **A.    Dismissals**

20      The government agrees to move, at the time of sentencing, to dismiss without prejudice the
21  remaining counts in the pending indictment.  The government also agrees not to reinstate any dismissed
22  count except if this agreement is voided as set forth herein, or as provided in II.E (Defendant's Violation
23  of Plea Agreement), VI.B (Guidelines Calculations), and VII.B (Waiver of Appeal) herein.

24      **B.    Recommendations**

25          1.    Incarceration Range

26      The government does not make any agreements as to its recommended sentence, but the
27  government will not recommend a sentence outside of the applicable guidelines range, as determined by
28  the Court.

PLEA AGREEMENT                                            5

2.     Acceptance of responsibility

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of defendant's offense level if he clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

**C.     Use of Information for Sentencing**

The government is free to provide full and accurate information to the Court and the United States Probation Office ("Probation"), including answering any inquiries made by the Court and/or Probation, and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

**IV.     ELEMENTS OF THE OFFENSE**

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense(s) to which the defendant is pleading guilty:

As to Count One (conspiracy to distribute and possess with intent to distribute a controlled substance):

1.     Beginning on a date no later than March 2013 and continuing through in or about March 2016, there was an agreement between two or more persons to distribute and possess with intent to distribute a controlled substance, to wit: marijuana, a controlled substance; and

2.     The defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

The elements to the offense of distribution and possession with intent to distribute a controlled substance are:

1.     The defendant knowingly distributed a controlled substance, to wit: marijuana; and

PLEA AGREEMENT

6

2.      The defendant knew that it was a controlled substance or some other prohibited drug.

## V.      MAXIMUM SENTENCE

### A.      Maximum penalty

For Count 1, the maximum sentence that the Court can impose is 20 years of incarceration, a fine of $1,000,000, a mandatory three-year period of supervised release and a special assessment of $100. In addition, the defendant may be ineligible for certain federal and/or state assistance and/or benefits, pursuant to 21 U.S.C. § 862.

### B.      Violations of Supervised Release

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to two years of additional imprisonment.

## VI.      SENTENCING DETERMINATION

### A.      Statutory Authority

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

### B.      Guideline Calculations

The government and the defendant agree that the following is their present best estimate of the sentencing guidelines variables. These estimates shall not be binding on the Court, the Probation Office, or the parties:

For the conviction under Count 1 (distribution and possession with intent to distribute a

1 controlled substance): a base-level offense of twenty-four (24) for at least 100 kilograms of marijuana
2 pursuant to U.S.S.G. § 2D1.1(c)(8); and an enhancement of two (2) levels for distributing a controlled
3 substance through mass-marketing by means of an interactive computing service pursuant to §
4 2D1.1(b)(7).

5     The parties agree that they will not seek or argue in support of any other specific offense
6 characteristics, Chapter Three adjustments (other than the decrease for "Acceptance of Responsibility"),
7 or cross-references, except that the government may move for a departure or adjustment based on
8 defendant's post-plea obstruction of justice (§3C1.1). Both parties agree not to move for, or argue in
9 support of, any departure from the Sentencing Guidelines under United States v. Booker, 543 U.S. 220
10 (2005).

11     The defendant is free to recommend to the Court whatever sentence he believes is appropriate
12 under 18 U.S.C. § 3553(a). The government is not obligated to recommend any specific sentence.

13 

**VII.     WAIVERS**

14     **A.     Waiver of Constitutional Rights**

15     The defendant understands that by pleading guilty he is waiving the following constitutional
16 rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to
17 be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to
18 testify on his behalf; (e) to confront and cross-examine witnesses against him; and (f) not to be
19 compelled to incriminate himself.

20     **B.     Waiver of Appeal and Collateral Attack**

21     The defendant understands that the law gives the defendant a right to appeal his guilty plea,
22 conviction, and sentence. The defendant agrees as part of his plea/pleas, however, to give up the right to
23 appeal the guilty plea, conviction, and the sentence imposed in this case. The defendant specifically
24 gives up the right to appeal any order of restitution the Court may impose.

25     Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if
26 one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the
27 statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant
28 understands that these circumstances occur infrequently and that in almost all cases this Agreement

1   constitutes a complete waiver of all appellate rights.

2      In addition, regardless of the sentence the defendant receives, the defendant also gives up any

3 right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any

4 aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

5      Notwithstanding the agreement in paragraph III.A (Dismissals) above that the government will

6 move to dismiss counts against the defendant, if the defendant ever attempts to vacate his plea, dismiss

7 the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading

8 guilty, the government shall have the rights set forth in paragraph II.E (Defendant's Violation of Plea

9 Agreement) herein.

10     **C.**   **Waiver of Attorneys' Fees and Costs**

11      The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-

12 119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the

13 investigation and prosecution of all charges in the above-captioned matter and of any related allegations

14 (including without limitation any charges to be dismissed pursuant to this plea agreement and any

15 charges previously dismissed).

16      **VIII.**   **ENTIRE PLEA AGREEMENT**

17      Other than this plea agreement, no agreement, understanding, promise, or condition between the

18 government and the defendant exists, nor will such agreement, understanding, promise, or condition

19 exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and

20 counsel for the United States.

21      **IX.**   **APPROVALS AND SIGNATURES**

22     **A.**   **Defense Counsel**

23      I have read this plea agreement and have discussed it fully with my client.  The plea agreement

24 accurately and completely sets forth the entirety of the agreement.  I concur in my client's decision to

25 plead guilty as set forth in this plea agreement.

26 Dated: _7- 31- 17_

27      ANTHONY CAPOZZI
Counsel for Defendant

28

PLEA AGREEMENT     9

**B.**   **Defendant**

I have read this plea agreement and carefully reviewed every part of it with my attorney.  I understand it, and I voluntarily agree to it.  Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case.  No other promises or inducements have been made to me, other than those contained in this plea agreement.  In addition, no one has threatened or forced me in any way to enter into this plea agreement.  Finally, I am satisfied with the representation of my attorney in this case.

Dated: _7/31/17_

DAVID RYAND BURCHARD,
Defendant

**C.**   **Attorney for the United States**

I accept and agree to this plea agreement on behalf of the government.

Dated: _7/31/17_

PHILLIP A. TALBERT
United States Attorney

By: _____

GRANT B. RABENN
Assistant United States Attorney

1

**EXHIBIT "A"**
**Factual Basis for Plea**

2

3      If this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

4      Beginning no later than in or around March 2013, and continuing to in or around March 2016, in the County of Fresno and Merced, within the State and Eastern District of California and elsewhere, the
5  defendant conspired with others known and unknown to distribute marijuana, a Schedule I controlled substance.  Under the monikor "Caliconnect," the defendant sold approximately 704 pounds (equivalent
6  319.329 kilograms) of marijuana on the darkweb marketplace The Silk Road.  The defendant also sold marijuana on the darkweb marketplaces Agora, under the moniker "The_real_caliconnect," and
7  AlphaBay, under the moniker "Caliconnect4life."

8

9  Dated:  7/31/17                                          _____
                                                           DAVID RYAND BURCHARD,
10                                                         Defendant

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLEA AGREEMENT                              A-1