1  McGREGOR W. SCOTT
   United States Attorney
2  GRANT B. RABENN
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, California 93721
4  Telephone: (559) 497-4000
   Facsimile: (559) 497-4099
5

   Attorneys for Plaintiff
6  United States of America

7

8                    UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,           | No. 1:16-CR-00051-LJO-SKO

12 |                    Plaintiff,       | STIPULTION FOR FINAL ORDER OF
                                          FORFEITURE AND ORDER THEREON
13 |           v.

14 | DAVID RYAN BURCHARD,

15 |                    Defendant.

16

17         IT IS HEREBY STIPULATED, by and between plaintiff United States of America

18  and petitioner American Auto Financing, Inc. (hereinafter "AAF" or "petitioner"), to

19  compromise and settle their interest in the 2007 Chevrolet Tahoe, License Plate: 6BOK924,

20  VIN: 1GNFC13027J406800 (hereinafter the "2007 Chevrolet Tahoe"), and to consent to the

21  entry of a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(a).

22         1.      The United States hereby incorporates by reference, as though fully set forth

23  herein, all of its averments contained in its Stipulation and Application for Preliminary Order

24  of Forfeiture and Publication Thereof filed on September 18, 2017.

25         2.      On September 19, 2017, this Court entered a Preliminary Order of Forfeiture

26  forfeiting to the United States all right, title, and interest of defendant David Ryan Burchard,

27  in the following property:

28  ///

STIPULATION FOR FINAL ORDER OF FORFEITURE AND     1
ORDER THEREON

|   |   |   |
|---|---|---|
| 1 | a. | 2007 Chevrolet Tahoe, VIN: 1GNFC13027J406800, License Plate: 6BOK924; |
| 3 | b. | Acer laptop with Dan thumbdrive; |
| 4 | c. | Toshiba Satellite laptop; |
| 5 | d. | WD Passport external hard drive; |
| 6 | e. | Samsung Galaxy Note 4, serial #99000482099312; |
| 7 | f. | Samsung Galaxy Note 3, serial #RV8F10WQBJM; |
| 8 | g. | Three (3) AT&T flip cell phones, model Z222; |
| 9 | h. | Samsung Galaxy Core; |
| 10 | i. | Various credit/debit cards; |
| 11 | j. | Anti-Static bags; |
| 12 | k. | Taylor digital scale; |
| 13 | l. | Box of food saver vacuum sealing bags; |
| 14 | m. | Amazon boxes with plastic storage bags; |
| 15 | n. | Food Saver vacuum sealer with bag roll; |
| 16 | o. | "caliconnect" appeal items; |
| 17 | p. | Miscellaneous documents, receipts, and notes; |
| 18 | q. | Box containing a pipe and lighter; |
| 19 | r. | Credit card machine with blank cards; |
| 20 | s. | Emachine, serial #LXN970D0019488536801601; |
| 21 | t. | T-Mobile cell phone; |
| 22 | u. | Boostmobile cell phone; |
| 23 | v. | Miscellaneous documents; |
| 24 | w. | A personal money judgment against DAVID RYAN BURCHARD in the amount of $1,430,000.00, less any forfeited funds. |

3. Pursuant to 21 U.S.C. § 853(a) and Local Rule 171, third parties asserting a legal interest in the above-listed forfeited property are entitled to a judicial determination of the validity of the legal claims or interests they assert.

1   4.      Beginning on September 22, 2017, for at least 30 consecutive days, the United
2   States published notice of the Court's Order of Forfeiture on the official internet government
3   forfeiture site www.forfeiture.gov.  Said published notice advised all third parties of their right
4   to petition the Court within sixty (6) days from the first day of publication of the notice for a
5   hearing to adjudicate the validity of their alleged legal interest in the forfeited property.  A
6   Declaration of Publication was filed on October 23, 2017.
7   5.      The United States of America completed direct written notice by certified mail
8   to the following individuals or entities known to have an alleged interest in the above-
9   described property:
10          a.  Monica Saucedo
11          b.  American Auto Financing, Inc.
12          c.  Anthony P. Capozzi, attorney
13  6.      On October 6, 2017, American Auto Financing, Inc. filed a petition alleging a
14  lien holder interest in the 2007 Chevrolet Tahoe, alleging as follows:
15          a.      On or about November 7, 2012, Monica Saucedo executed a
16  Conditional Sales Contract (hereinafter "the Contract") in the original principal amount of
17  $10,910.91.  The Contract was and is secured by the 2007 Chevrolet Tahoe as collateral.
18          b.      As of September 29, 2017, the principal due and owing under the
19  Contract was $924.19 and the interest due and owing was $370.42.  Interest will continue to
20  accrue as outlined under the Contract.  The Contract is presently in default as a consequence
21  of Monica Saucedo's failure to pay installments as provided for therein.  Late charges and
22  collection fees due and owing are $228.20.  The Contract has been continuously in default
23  since January 1, 2016.
24  7.      No other third party has filed a claim to the above-listed assets and the time for
25  which any person or entity to file a claim has expired.
26  8.      The parties hereby stipulate that AAF is the lien holder on the 2007 Chevrolet
27  Tahoe.  AAF has a legal right, title, or interest in the 2007 Chevrolet Tahoe and such right,
28  title, or interest requires the Court to amend the Preliminary Order of Forfeiture pursuant to

1  Fed. R. Crim. P. 32.2(c)(2) to account for its interest, because such interest was vested in AAF
2  rather than defendant David Ryan Burchard at the time of the commission of the acts which
3  give rise to the forfeiture of the 2007 Chevrolet Tahoe. *See* 21 U.S.C. § 853(n). The parties
4  further stipulate, however, that David Ryan Burchard has an ownership interest in the 2007
5  Chevrolet Tahoe and the Preliminary Order of Forfeiture remains valid to the extent it orders
6  the forfeiture of his interest.

7  9. The Internal Revenue Service – Criminal Investigations shall release the 2007
8  Chevrolet Tahoe to AAF to allow for the sale of the 2007 Chevrolet Tahoe. AAF, or its
9  designee, shall sell the 2007 Chevrolet Tahoe in a commercially feasible manner, as soon as
10 reasonably possible, for the maximum price reasonably practicable.

11 10. The United States agrees that upon entry of this Final Order of Forfeiture and
12 sale of the 2007 Chevrolet Tahoe pursuant to this Final Order of Forfeiture, the United States
13 will not contest payment to AAF from the proceeds of the sale, after payment of expenses
14 reasonably incurred by AAF to sell the 2007 Chevrolet Tahoe, the following:

    a. All unpaid principal due to petitioner American Auto Financing, Inc. under the Contract dated November 7, 2012, in the principal amount of $10,910.91. As of September 29, 2017, the loan balance, including principal, interest, fees, and costs, was $1,522.81.

    b. All unpaid interest at the contractual base rate (not the default rate) under the above Contract, until the date of payment.

    c. The exact amount to be paid to AAF shall be determined at the time of payment, but shall not be less than the amounts set forth above.

    d. To the United States, the net proceeds from the sale of the 2007 Chevrolet Tahoe after the above disbursements, which shall be forfeited to the United States and disposed of as provided for by law. Payment of the net proceeds should be made payable to "Department of Treasury" and delivered to the United States Attorney's Office, Attn: Asset Forfeiture Unit, 2500 Tulare Street, Suite 4401, Fresno, CA 93721.

11. The payment to petitioner AAF shall be in full settlement and satisfaction of its claim and petition by it to the 2007 Chevrolet Tahoe, and of all claims arising from and relating to the detention and forfeiture of the 2007 Chevrolet Tahoe. The payment to petitioner shall not include any penalty payments, including any prepayment penalties.

12. Petitioner hereby releases plaintiff United States and its servants, agents, and employees and all other public entities, their servants, agents, and employees, from any and all liability arising out of or in any way connected with the forfeiture and sale of the 2007 Chevrolet Tahoe. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said forfeiture and sale, as well as to those now known or disclosed. The parties to this agreement agree to waive the provisions of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

13. Petitioner agrees not to pursue against the United States any other rights that it may have under the Contract, including, but not limited to, the right to repossess and sell the 2007 Chevrolet Tahoe during the pendency of this proceeding or any post-forfeiture proceeding relating to the marketing and sale of the 2007 Chevrolet Tahoe, and any right to assess additional interest or penalties except as specifically allowed herein.

14. Petitioner understands and agrees that by entering into this stipulation of its interest in the 2007 Chevrolet Tahoe, it waives any right to litigate further its ownership interest in the 2007 Chevrolet Tahoe and to petition for remission or mitigation of the forfeiture. Thereafter, if this Stipulation for Final Order of Forfeiture is approved by the Court, then unless specifically directed by an order of the Court, petitioner shall be excused and relieved from further participation in this action.

15. Petitioner understands and agrees that the United States reserves the right to void the stipulation if, before payment of the lien, the U.S. Attorney obtains new information indicating that the petitioner is not an "innocent owner" or "bona fide purchaser" pursuant to the applicable forfeiture statutes. The U.S. Attorney also reserves the right, in its discretion, to

terminate the forfeiture at any time and release the 2007 Chevrolet Tahoe. In either event, the United States shall promptly notify petitioner of such action. A discretionary termination of forfeiture shall not be a basis for any award of fees. Additionally, AAF reserves the right to petition the Court for a modification of this order in the event it determines that the value of the 2007 Chevrolet Tahoe is at an amount which may not be sufficient to satisfy its lien.

16. The parties agree to execute further documents, to the extent reasonably necessary, to effectuate the transfer and sale of the 2007 Chevrolet Tahoe.

17. Each party agrees to bear its own costs and attorney's fees.

18. Payment to the petitioner pursuant to this Stipulation is contingent upon a forfeiture of the property to the United States, the United States' prevailing against any additional third parties alleging claims in an ancillary proceeding, and the Court's entry of this Final Order of Forfeiture.

19. The terms of this Stipulation shall be subject to approval by the United States District Court. Violation of any term or condition herein shall be construed as a violation of an order of the Court.

20. The court shall maintain jurisdiction over this matter to enforce the terms of this stipulation.

Dated: January 22, 2018        McGREGOR W. SCOTT
                               United States Attorney

                                /s/ Grant B. Rabenn
                               GRANT B. RABENN
                               Assistant United States Attorney


Dated: November 28, 2017        /s/ Laura Villa
                               LAURA VILLA
                               General Manager
                               Petitioner American Auto Financing, Inc.
                               (Original signature retained by attorney)

## ORDER

The Court having received, read, and considered the foregoing Stipulation of the parties, and good cause appearing therefrom, the Stipulated Settlement is hereby ADOPTED

STIPULATION FOR FINAL ORDER OF FORFEITURE AND ORDER THEREON


and APPROVED, and it is hereby ORDERED and ADJUDGED:

1. A Final Order of Forfeiture is hereby entered on the terms set forth in the parties' Stipulated Settlement.

2. A Final Order of Forfeiture is hereby entered forfeiting to the United States of America all right, title, and interest in the above-listed property pursuant to 21 U.S.C. § 853(a), to be disposed of according to law, including all right, title, and interest of David Ryan Burchard and Monica Saucedo.

3. All right, title, and interest in the above-listed property shall vest solely in the name of the United States of America.

4. Upon entry of this Final Order of Forfeiture, but no later than 45 days thereafter, the 2013 Mercedes C250, VIN: WDDGF4HB1DR241728, License Plate: 7FAD065, shall be returned to defendant David Ryan Burchard, through his attorney of record, Anthony P. Capozzi, 1233 W. Shaw Avenue, Suite 102, Fresno, CA 93711, (559) 221-0200.

5. Upon entry of this Final Order of Forfeiture, but no later than 45 days thereafter, the Apple iPad, model A1489, Apple iPad, model A1395; Apple iPad, model 1416, Apple iPad, model A1489; Apple iPhone A1522, serial #354454067037706; and, two (2) Apple iPods, Model 1367, shall be returned to defendant David Ryan Burchard's children, through defendant's attorney of record, Anthony P. Capozzi, 1233 W. Shaw Avenue, Suite 102, Fresno, CA 93711, (559) 221-0200.

6. The Internal Revenue Service – Criminal Investigations or the Department of Homeland Security, Customs and Border Protection shall maintain custody of and control over the subject property until it is disposed of according to law.

IT IS SO ORDERED.

Dated: **January 23, 2018**     **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE

STIPULATION FOR FINAL ORDER OF FORFEITURE AND ORDER THEREON     7

Stipulation for Final Order of Forfeiture and
Order Thereon

8